Lisa M. Gomez (LG 7357)
COHEN, WEISS and SIMON LLP
330 West 42nd Street
New York, New York 10036
(212) 563-4100
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
:
RECYCLING AND GENERAL INDUSTRIAL :
UNION LOCAL 108 WELFARE FUND, by its :
Trustees Michael Hellstrom, Joseph Bianco, Kevin :
Walton, and Joseph LoVerde, and :
:
RECYCLING AND GENERAL INDUSTRIAL :
UNION LOCAL 108 PENSION FUND, by its :
Trustees Michael Hellstrom, Joseph Bianco, Kevin :
Walton, and Joseph LoVerde, and :
:
RECYCLING AND GENERAL INDUSTRIAL :
UNION LOCAL 108 ANNUITY FUND, by its :
Trustees Michael Hellstrom :
and Joseph LoVerde, : Civil Action No.
: 08-CV-02226
Plaintiffs, :
:
- against - :
:
TARRYTOWN R&T CORP., :
:
Defendant. :
:
-------------------------------------------------------------------x

## COMPLAINT

Plaintiffs Recycling and General Industrial Union Local 108 Welfare Fund, by its

trustees Michael Hellstrom, Joseph Bianco, Kevin Walton and Joseph LoVerde (the "Welfare

Fund"); Recycling and General Industrial Union Local 108 Pension Fund, by its trustees Michael

Hellstrom, Joseph Bianco, Kevin Walton and Joseph LoVerde (the "Pension Fund"); and Recycling and General Industrial Union Local 108 Annuity Fund, by its trustees Michael Hellstrom and Joseph LoVerde (the "Annuity Fund," together with the Welfare and Pension Fund, the "Funds") for their complaint allege as follows:

## Introduction

1. This is an action by trustees and fiduciaries of three employee benefit plans against defendant Tarrytown R&T Corp. (the "Company") for monetary and injunctive relief under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1132 and 1145 and Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). This action arises from the failure of the Company to remit required employee benefit plan contributions to the Plaintiff Funds and from the failure of the Company to secure and maintain a bond for the payment of such contributions as required by ERISA, the applicable collective bargaining agreement and the plan documents governing the Funds.

## Jurisdiction And Venue

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, and Sections 502(a)(3), (e)(1) and (f) and 515 of ERISA, 29 U.S.C. §§1132(a)(3), (e)(1) and (f) and 1145.

3. Venue lies in this district under Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), as the Funds are administered and maintain their principal office in this district.

## The Parties

4. Plaintiffs Michael Hellstrom, Joseph Bianco, Kevin Walton, and Joseph LoVerde are administrators and fiduciaries of the Welfare and Pension Funds within the meaning of Sections 3(16)(A)(i), 3(21)(A) and 502(a)(3) of ERISA, 29 U.S.C. §§1002(16)(A)(i),

1002(21)(A) and 1132(a)(3) in that they have discretion and control over the assets and administration of the Welfare and Pension Funds.  Plaintiffs Michael Hellstrom and Joseph LoVerde are administrators and fiduciaries of the Annuity Fund within the meaning of Sections 3(16)(A)(i), 3(21)(A) and 502(a)(3) of ERISA, 29 U.S.C. §§1002(16)(A)(i), 1002(21)(A) and 1132(a)(3) in that they have discretion and control over the assets and administration of the Annuity Fund.  The Funds maintain their principal place of business at 121 East 24th Street, 8th Floor, New York, New York 10010.

        5.      The Funds are "employee benefit plans" within the meaning of ERISA Section 3(3), 29 U.S.C. §1002(3), and "multiemployer plans" within the meaning of Section 3(37) of ERISA, 29 U.S.C. §1002(37).  Each of the Funds is jointly administered by a Board of Trustees comprised of labor and management representatives who share equal representation in the administration of the Funds in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5).  The Funds are each established and maintained pursuant to separate agreements and declarations of trust (the "Trust Agreements").

        6.      Upon information and belief, Tarrytown R&T Corp. is, and at all times relevant to this action has been, a New York corporation registered to do business in New York with its principal facility located at 14 Havens Street, Elmsford, New York 10523.  The Company is, and at all times relevant to this action, has been, an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), section 301 of the LMRA, 29 U.S.C. 152(2), and the Funds' Trust Agreements.

**Factual Basis For Claims**

<u>The Collective Bargaining Agreements, the Trust Agreements, and the Obligation to Contribute to the Funds</u>

7. Tarrytown R&T Corp. is bound to a collective bargaining agreement with the Waste Material, Recycling and General Industrial Laborers' Local 108, L.I.U.N.A. (the "Union"), for the period May 1, 2006 through April 30, 2009 (the "CBA"). The CBA, by its terms, continues in full force and effect from year to year unless the Company or the Union gives written notice to the other party at least sixty days before the expiration date, or of any succeeding yearly expiration date, of a desire to terminate or negotiate with respect to the terms and conditions of the agreement. The Plaintiff Funds are third party beneficiaries of said CBA.

8. The CBA and the Trust Agreements establishing the Funds are plan documents within the meaning of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§1132(a)(3) and 1145. In addition, the CBA and Trust Agreements are agreements within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, between the Union, a labor organization representing employees in industries affecting commerce, and the Company.

9. Pursuant to the CBA and the Trust Agreements, the Company is required to remit contributions to the Funds on behalf of the Company's employees covered by the CBA in the amounts specified in the CBA within the time frames set forth in the CBA, subject to certain limitations set forth in the CBA.

10. In addition to the requirement to remit monthly contributions, the Company is required under the Trust Agreements to submit monthly payroll reports to the Funds that provide the name, Social Security number and hours worked for each employee covered by the Company on whose behalf contributions must be made, as well as such other information as the Trustees may reasonably require.

11. The CBA requires the Company to "post and maintain a bond to ensure contributions to the Funds and remittance of dues check-offs to the Union in the amount of three hundred thousand dollars ($300,000)."

12. Under the Trust Agreements, the Trustees have the power to demand, collect and receive Employer contributions and all other money to which the Funds may be entitled. Towards that end, the Trustees are authorized to take such steps, including the institution of legal proceedings, to collect the amounts due.

13. Under the Trust Agreements, an employer who does not pay required contributions when due is obligated to pay interest on the amounts due at a rate established by the Trustees from the date payment is due until the date payment is made. For delinquencies arising on or after January 1, 2003, the Trustees adopted an interest rate equal to the prime interest rate applicable as of January 1 of the year during which the contribution was due plus two percent (2%).

14. Under the Trust Agreements, the Trustees may require a delinquent employer to pay liquidated damages and other costs and expenses incurred by the Trustees arising out of the collection of delinquent contributions, including, but not limited to, attorneys' fees and costs.

15. The CBA provides that the Company, is bound to all of the conditions and provisions of the Trust Agreements of the Funds and all rules and regulations of the Trustees. terms. In addition, the Trust Agreements provide that by making contributions to the Funds, an employer is deemed to have accepted and agreed to be bound by the Trust Agreements. The Company is an Employer as defined by the Trust Agreements.

16. The Company' Failure to Submit Required Contributions, Payroll Reports and Failure to Post a Bond

17. The Company has at all times relevant to this action continued to employ employees covered by the CBAs.

18. By letter dated December 12, 2007, the Funds demanded payment of interest due from the Company for the periods September 1, 2006 through September 30, 2007 and October 1, 2007 through November 30, 2007.

19. By letter dated February 8, 2008 the Funds demanded payment of contributions due from the Company for the period October 1, 2007 through February 2008, and interest for the periods September 1, 2006 through September 30, 2007 and October 1, 2007 through November 30, 2007.

20. The Company currently owes contributions to the Funds for the period October 2007 to date (the "Unpaid Contributions"). The Company also owes interest in the amount of $10,674.04 on contributions paid during the period September 1, 2006 through November 30, 2007 that were paid late.

21. The Company has also failed to remit payroll reports for the period October 2007 to date.

22. The Funds are unable to determine the exact amount of contributions owed at this time because the Company has failed to submit to the Funds the required monthly payroll reports upon which calculations of the amount of the contributions are based.

23. On information and belief, additional amounts may become due and owing during the pendency of this action.

24. Upon information and belief, the Company has failed to post or provide a bond as required by the CBA.

The Shortages

25. The Trustees have determined that the Company owes additional contributions to the Welfare Fund as a result of having failed to remit contributions at the rate required by the CBA for the months of November 2006, May 2007, June 2007, July 2007, August 2007 and September 2007.

26. The Trustees have determined that the Company owes contributions to the Pension Fund as a result of having failed to remit contributions at the rate required by the CBA for the months of October 2006, November 2006, May 2007, June 2007, August 2007, and September 2007.

27. By various letters, the most recent dated June 23, 2006, the Funds demanded payment of the Shortages.

28. To date, the Company has failed to remit the Shortages.

**First Cause Of Action**

29. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 28 above.

30. Section 515 of ERISA, 29 U.S.C. §1145, requires "[e]very employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement . . . [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), mandates that

> in any action under this title by a fiduciary for or on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan –the unpaid

>contributions, interest on the unpaid contributions, an amount equal to the greater of –interest on the unpaid contributions, or liquidated damages provided for under the plan in an amount not in excess of 20 percent of the [unpaid contributions], reasonable attorney's fees and costs of the action; and such other legal or equitable relief as the court deems appropriate . . . .

31. Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3) provides that a civil action may be brought "by a participant, beneficiary or fiduciary (A) to enjoin any act or practice which violates any provision of this title and terms of the plan, or (B) to obtain other appropriate equitable relief (i) to address such violation or (ii) to enforce any provision of this title or the terms of the plan."

32. The Company's failure to pay the required contributions, failure to submit the monthly payroll reports to the Funds, failure to pay interest on late-paid contributions, and failure to pay the amounts due as a result of the Shortages constitute failures to make contributions in accordance with the terms of the plan documents and are violations of Section 515 of ERISA, 29 U.S.C. §1145, thereby giving rise to an action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3).

## **Second Cause of Action**

33. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 32 above.

34. The requirement to provide a bond is a term and condition of the CBA and is part of the Company's obligation to contribute to the Funds under section 515 of ERISA, 29 U.S.C. § 1145.

35. The failure of the Company to meet its bond requirement constitutes a violation of Section 515 of ERISA, 29 U.S.C. § 1145, giving rise to an action under Section

502(a)(3) of ERISA, and additional relief and payments under Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

### Third Cause of Action

36. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 35 above.

37. Defendant Company is in dereliction of its obligation to provide a bond as required by the CBA.

38. By failing to provide the bond, the Company has breached the CBA and has failed to act in accordance with the terms of the Fund's plan documents, giving rise to an action pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

### Prayer For Relief

WHEREFORE, Plaintiffs pray that the Court enter a judgment against the Company as follows:

A. Ordering the Company to submit the monthly payroll reports as required by the CBA and the Trust Agreements for October 2007 through date of judgment and any additional months for which such reports have not been submitted as of the date judgment is entered and thereafter; and

B. Ordering the Company to pay to the Funds unpaid contributions due for the period October 2007 to the present date and any additional amounts due that are unpaid as of the date judgment is entered and thereafter; and

C. Ordering the Company to pay to the Funds $10,674.04 in interest on contributions paid to the Funds prior to the filing of this lawsuit for the period September 1, 2006 through November 30, 2007, but paid late; and

  D. Ordering the Company to pay to the Pension Fund the amounts due as a result of having failed to remit contributions at the rate required by the CBAs for the months of October 2006, November 2006, May 2007, June 2007, August 2007, and September 2007; and

  E. Ordering the Company to pay to the Welfare Fund the amounts due as a result of having failed to remit contributions at the rate required by the CBAs for the months of November 2006, May 2007, June 2007, July 2007, August 2007 and September 2007; and

  F. Ordering the Company to pay interest on all monies due to the Funds accrued at the rates established by the Trustees; and

  G. Ordering the Company to pay liquidated damages as set forth in Section 502(g)(2)(C) of ERISA and as provided for in the Trust Agreements; and

  H. Ordering the Company to provide the Funds with a bond pursuant to the terms of the CBA in the amount of Three Hundred Thousand Dollars ($300,000), and maintain the bond in such amount as required by the CBA, and;

  I. Ordering the Company to pay the Funds' reasonable attorneys' fees and costs of the action, including payment of any administrative fees for checks returned for insufficient funds; and

  J. Ordering such other legal or equitable relief as the Court deems appropriate.

Dated: March 5, 2008
  New York, New York

          By: */s/ Lisa M. Gomez*_____
            Lisa M. Gomez (LG 7357)
            COHEN, WEISS and SIMON LLP
            330 West 42nd Street
            New York, New York 10036
            (212) 563-4100

            Attorneys for Plaintiffs