Lewis Goldberg (LG 0344)
GOLDBERG AND WEINBERGER LLP
56 Dayton Road
Redding, Connecticut 06896
(203) 938-2105
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------
RECYCLING AND GENERAL INDUSTRIAL
UNION LOCAL 108 WELFARE FUND, by its
Trustees Michael Hellstrom, Joseph Bianco,
Kevin Walton, and Joseph LoVerde, and

RECYCLING AND GENERAL INDUSTRIAL
UNION LOCAL 108 PENSION FUND, by its          Civil Action No.
Trustees Michael Hellstrom, Joseph Bianco,    08-CV-02226
Kevin Walton, and Joseph LoVerde, and
                                              **ANSWER AND
RECYCLING AND GENERAL INDUSTRIAL              RULE 7.1
UNION LOCAL 108 ANNUITY FUND, by its          CERTIFICATION**
Trustees Michael Hellstrom and
Joseph LoVerde,,

                    Plaintiffs,

              -against-

TARRYTOWN R&T CORP.,

                    Defendant.
---------------------------------------------------------------

    Tarrytown R&T Corp. ("defendant"), by its attorneys Goldberg and Weinberger LLP, answer the complaint as follows:

    1.   Denies sufficient knowledge or information necessary to form a belief as to the truth of the allegations contained in paragraphs 1, 2, 3, 4, 5, 8, 10, 12, 13, 14, 15, 22, 23, 25, 26, 30, 31 of the complaint.

2. Denies the allegations contained in paragraphs 11, 16, 17, 18, 19, 20, 21, 24, 27, 28, 32, 34, 35, 37 and 38 of the complaint.

3. Admits that defendant is a corporation incorporated under the laws of the State of New York but denies the remaining allegations contained in paragraph 6 of the complaint.

4. Admits that defendant became party to a collective bargaining agreement with Local 108 upon its assumption of the operations of the transfer station located at 1011-1017 Lower South Street, Peekskill, New York, but denies the remaining allegations contained in paragraph 7 of the complaint.

5. Admits that the collective bargaining agreement provides that defendant is required to make certain periodic contributions to the Funds, but denies the remaining allegations contained in paragraph 9 of the complaint.

6. Responds to the allegations contained in paragraphs 29, 33 and 36 of the complaint by reiterating its answer to the various paragraphs of the complaint alleged therein as if same were set forth at length.

## FIRST AFFIRMATIVE DEFENSE

The plaintiffs have failed to state a claim against the defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The plaintiffs seek causes of action and/or relief which are not provided for and/or which they are not entitled to receive, including under the Employee Retirement Income Security Act, 29 U.S.C. section 1001, et. seq., and the Labor Management Relations Act, 29 U.S.C. Section 141, et. seq.

### THIRD AFFIRMATIVE DEFENSE

There is no collective bargaining agreement or a collective bargaining agreement which allows for the causes of action and/or the relief sought by the plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

The defendant has paid to plaintiffs all amounts that are required by applicable law or contract.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiffs have failed to exhaust their administrative remedies, including arbitration.

### SIXTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs claims are barred by the doctrines of estoppel and waiver.

### EIGHTH AFFIRMATIVE DEFENSE

The causes of action are barred by the statute of limitations.

### NINTH AFFIRMATIVE DEFENSE

The causes of action are barred by applicable law, including the Labor Management Relations Act, 29 U.S.C. Section 141, et. seq.

### TENTH AFFIRMATIVE DEFENSE

The causes of action are preempted by applicable law, including the Labor Management Relations Act, 29 U.S.C. Section 141, et. seq.

WHEREFORE, Defendant respectfully request that the Court dismiss the Complaint, with costs and attorney's fees, as well as such other and further relief as this Court may deem appropriate.

Dated: Redding, Connecticut
April 9, 2008

> GOLDBERG AND WEINBERGER LLP
> Attorneys for Defendant
> 56 Dayton Road
> Redding, Connecticut 06896
> (203) 938-2105
>
>
> By:  /s/ Lewis Goldberg
>      Lewis Goldberg (LG-0344)

## **RULE 7.1 CERTIFICATION**

Pursuant to Federal Rule of Civil Procedure 7.1 and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for Tarrytown R&T Corp. (a private non-governmental party) certifies that the following are corporate parents, affiliates and/or subsidiaries of said parties , which are publicly held:

**None**

Dated: Redding, Connecticut
April 9, 2008

> /s/ Lewis Goldberg
> Lewis Goldberg (LG0344)
> Goldberg and Weinberger LLP
> *Attorneys for Defendant Tarrytown R&T Corporation*
> 56 Dayton Road
> Redding, Connecticut 06896
> Phone: (212) 938-2105
> Fax: (212) 938-2105