SAMUEL J. COHEN (1908-1991)
HENRY WEISS (1910-2004)
———
BRUCE H. SIMON
ROBERT S. SAVELSON
STEPHEN B. MOLDOF
MICHAEL E. ABRAM
KEITH E. SECULAR
PETER HERMAN
RICHARD M. SELTZER
JAMES L. LINSEY*
JANI K. RACHELSON
BABETTE CECCOTTI*
SUSAN DAVIS*
MICHAEL L. WINSTON
THOMAS N. CIANTRA
JOSEPH J. VITALE*
PETER D. DECHIARA
LISA M. GOMEZ*
BRUCE S. LEVINE
JAMES R. GRISI*
ELIZABETH O'LEARY
TRAVIS M. MASTRODDI
MANLIO DIPRETA

COHEN, WEISS AND SIMON LLP
COUNSELLORS AT LAW
330 WEST 42ND STREET
NEW YORK, N.Y. 10036-6976
———
(212) 563-4100

WRITER'S DIRECT INFORMATION:

PHONE: (212) 356-0243
FAX: (646) 473-8243
E-MAIL: bsollars@cwsny.com

COUNSEL

STANLEY M. BERMAN
———
EYAD ASAD
ROBIN H. GISE
ORIANA VIGLIOTTI
DAVID R. HOCK*
CLAIRE TUCK*
BRADLEY J. SOLLARS
RICHARD C. HARMON
MARCELLE J. HENRY

NEW JERSEY OFFICE
206 CLAREMONT AVENUE
MONTCLAIR, N.J. 07042
(973) 509-0011
   * ALSO ADMITTED IN NJ

May 30, 2008

By Electronic Case Filing

Hon. Richard J. Sullivan
United States District Court for the Southern District of New York
500 Pearl Street
Room 615
New York, NY 10007-1312

      Re:    Recycling and General Industrial Union Local 108 Welfare Fund, et al. v. Tarrytown R&T Corp., Case No. 08-CV-02226

Dear Judge Sullivan:

      Counsel for Plaintiffs and Defendant respectfully submit this Status Report letter pursuant to the Court's order of May 16, 2008.

      Plaintiffs are multi-employer employee benefit plans and their Trustees. The Plaintiff Funds provide health, pension and annuity benefits to eligible plan participants. The Plaintiff Funds are funded by contributions from employers such as the Defendant, which are required under the terms of the relevant collective bargaining agreements. In this case participants in the Annuity Plan, can in some cases make self-contributions to the Annuity Plan. Each of the Plaintiff Funds are governed by a Board of Trustees, who are also Plaintiffs in the above-captioned matter.

      Plaintiffs brought suit against Defendant to recover unpaid employee benefit plan contributions, interest, liquidated damages, attorney's fees and costs as provided for by the Fund's Trust Agreements and under the Employee Income Retirement Security Act of 1974 (ERISA). The Defendant entered into a collective bargaining agreement which required contributions to be paid to the Funds on behalf of employees of the Defendant. This action is brought under section 515 of ERISA, 29 U.S.C. § 1132.

COHEN, WEISS AND SIMON LLP

Hon. Richard J. Sullivan
May 30, 2008
Page 2

Defendant in its Answer generally denied the bulk of the allegations in the complaint and raised a number of affirmative defenses denying an obligation to make employee benefit plan contributions to the Plaintiffs.

Counsel for Plaintiffs and Defendant have been in touch and recently exchanged information on the amount of contributions that the Plaintiffs are seeking from Defendant. Both parties are currently analyzing the other parties' positions and will discuss an amicable resolution of this case prior to the start of discovery and expensive litigation.

At this time, there is no discovery outstanding and neither party has any outstanding discovery motions. The initial case conference in this matter is scheduled before the Court on June 13, 2008. After the initial conference and initial Rule 26 disclosures, the parties intend to begin discovery if a resolution to this case has not been reached. At this time, the parties do not believe this case will require a trial before the Court, but if it does the parties do not anticipate the trial lasting longer than one (1) day.

Respectfully submitted,

| /s/ Bradley J. Sollars | /s/ Lewis Goldberg |
|---|---|
| Bradley J. Sollars (BS 3353) | Lewis Goldberg (LG 0344) |
| Cohen, Weiss and Simon, LLP | Goldberg and Weinberger LLP |
| Attorneys for Plaintiffs | Attorneys for Defendants |
| 330 W. 42nd Street, 25th Floor | 56 Dayton Road |
| New York, New York 10036 | Redding, Connecticut 06896 |
| (212) 356-4100 | (203) 938-2105 |
| (646) 473-8243 | (203) 938-2105 |

BJS:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
:
RECYCLING AND GENERAL INDUSTRIAL :
UNION LOCAL 108 WELFARE FUND, by its :
Trustees Michael Hellstrom, Joseph Bianco, Kevin :
Walton, and Joseph LoVerde, *et al*., :
:
                        Plaintiffs, :
:
     - against - :
: Civil Action No.
: 08-CV-02226
TARRYTOWN R&T CORP., :
::
                        Defendant.

------------------------------------------------------------------x

## Case Management Plan And Scheduling Order

RICHARD J. SULLIVAN, District Judge:

        At the conference before the Court held on June 13, 2008, this Case Management Plan and Scheduling Order was adopted in accordance with Rules 16-26(f) of the Federal Rules of Civil Procedure.

1.    All parties do not consent to disposition of this case by a Magistrate Judge, pursuant to 28 U.S.C. § 636(c).

2.    This case is not to be tried to a jury.

3.    No additional parties may be joined except with leave of the Court.

4.    Amended pleadings may not be filed except with leave of the Court.

5.    Initial disclosures pursuant to Rule 26(a)(1) will be completed not later than **June 27, 2008**.

6.    All *fact* discovery is to be completed no later than **October 14, 2008.**.

7.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided the parties meet the fact discovery completion date in ¶ 6 above:

        a. Initial requests for production of documents to be served by **July 18, 2008**.

        b. Interrogatories to be served by **July 18, 2008**.

        c. Depositions to be completed by **August 22, 2008**.
            i. Unless the parties agree or the Court so orders, depositions are not to be held until all parties have responded to initial requests for document production.

            ii. There is no priority in deposition by reason of a party's status as plaintiff or defendant.

            iii. Unless the parties agree or the Court so orders, non-party depositions shall follow initial party depositions.

        d. Requests to Admit to be served no later than **September 5, 2008**.

8.      All *expert* disclosures, including reports, production of underlying documents and depositions are to be completed by:

        a. Expert(s) of Plaintiff(s) **September 12, 2008**.

        b. Expert(s) of Defendant(s) **September 19, 2008**.

9.      All discovery is to be completed no later than **November 14, 2008**.

10.     The Court will schedule a post-discovery status conference (see ¶ 16) within three weeks of the close of all discovery.

11.     Pre-motion letters regarding dispositive motions, if any, are to be submitted no later than two weeks prior to the post-discovery status conference date listed in ¶ 16. In accord with this Court's Individual Rule 2.A, response letters thereto are to be submitted within three business days from service of the initial pre-motion letter.

12.     All counsel must meet for at least one hour to discuss settlement not later than two weeks following the close of fact discovery. Accordingly, Counsel for the parties have discussed holding a settlement conference before a Magistrate Judge or the Southern District's Mediation Program and request:
        a. _____X__ Referral to a Magistrate Judge for settlement discussions
        b. _____ Referral to the Southern District's Mediation Program

13.     The parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practice Rule 3 and Rule 26(a)(3). If this action is to be tried before a jury, proposed *voir dire*, jury instructions, and a verdict form shall be filed with the Joint Pretrial Order. Counsel are required to meet and confer on jury instructions and verdict form in an effort to make an agreed upon submission.

14. Parties have conferred and their present best estimate of the length of trial is no more than one (1) day.
.
-------------------------------------------------------------------------------------------------------------------
**TO BE COMPLETED BY THE COURT:**

15.     [Other directions to the parties:]

16.     The post-discovery status conference is scheduled for
at .

SO ORDERED.

DATED: New York, New York

_____, 2008

_____

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

3